IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CIVIL ACTION 07-0425-WS** |
| | ) | |
| **vs.** | ) | **CRIMINAL NO. 05-0206-WS** |
| | ) | |
| **LEONARD EDWARD WESTRY, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on the Government's Motion to Strike and Motion for Stay (doc. 736). The Government requests that the Memorandum of Law (doc. 731) filed by petitioner Leonard Westry in this § 2255 action on July 5, 2007 be stricken in its entirety as untimely, and requests that the case be stayed pending a ruling on the Motion to Strike.

**I.      Background.**

Following a guilty plea to one count of conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, petitioner Leonard Westry was sentenced to a term of imprisonment of 180 months on June 8, 2006.  (*See* doc. 561.)  He did not pursue a direct appeal; rather, on June 12, 2006, Westry's appointed counsel filed a Statement (doc. 554) confirming that his client did not desire to appeal the judgment or sentence.  On June 6, 2007, Westry filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 723).  The § 2255 Motion identified the following three grounds for relief: (1) an ineffective assistance of counsel claim predicated on counsel's purported failure to raise Westry's status as a longtime drug user at sentencing; (2) an ineffective assistance of counsel claim predicated on counsel's purported failure to argue at sentencing that Westry should have been held accountable only for those drug quantities in the conspiracy that were reasonably foreseeable to him; and (3) an ineffective assistance of counsel claim predicated on counsel's failure to argue that the 180-month sentence was unreasonable, in light of Westry's severe drug addiction and the existence of co-conspirators who were more culpable than he.

After an initial review of the § 2255 Motion pursuant to Rule 4 of the Rules Governing

Section 2255 Proceedings for the United States District Courts, the undersigned entered an Order (doc. 724) directing the Government to file a response on or before July 11, 2007, with any reply from Westry to be filed on or before July 25, 2007.  During the pendency of this briefing schedule, on July 5, 2007, Westry filed a Memorandum of Law (doc. 731) in support of his § 2255 petition.  On July 11, 2007, the due date for its opposition brief, the Government filed the instant Motion to Strike and Motion to Stay (doc. 736).  The Government contends that the Memorandum of Law should be stricken in its entirety because it is untimely and does not relate back to the initial § 2255 petition.  The Government requests additional time to respond to the petition pending resolution of the Motion to Strike.[1]

## II.     Analysis.

Any petition that Westry might wish to file under § 2255 had to be filed within one year after the date on which his conviction became final.  *See* 28 U.S.C. § 2255; *Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001) ("AEDPA provides that, barring other circumstances not relevant here, the one-year limitation period to file a motion to vacate runs from the date on which the judgment of conviction becomes final.").  "A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."  *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000); *see also Ramirez v. United States*, 2005 WL 1706142, *1 (11th Cir. July 22, 2005) (AEDPA deadline for federal prisoner who failed to file direct appeal began to run when the time for filing a direct appeal expired, or 10 days after written judgment of conviction was entered on the criminal docket).  The Federal Rules of Appellate Procedure are clear that a criminal defendant's notice of appeal must be filed within 10 days after entry on the criminal docket of the judgment from which

---

[1] It appears that the Government would be requesting a continuance even in the absence of Westry's Memorandum of Law, based on the Government's position that the sentencing hearing transcript is necessary to respond to the issues raised in the § 2255 Motion itself (irrespective of whether the Memorandum is or is not properly considered).  That transcript had not been prepared as of July 11, in large part because the Government failed to contact the court reporter to request that it be prepared until that afternoon, on the Court-ordered deadline for the Government's submission of its opposition brief.  In any event, the deadline for the opposition brief has now expired, so it appears that the Government seeks an enlargement of time regardless of how the Motion to Strike is resolved.

appeal is taken. Rule 4(b)(1)(A), (6), Fed.R.App.P. Written judgment was entered on the criminal docket on June 14, 2006. Accordingly, then, Westry's deadline for filing a direct appeal expired, and his one-year AEDPA filing period commenced, on or about June 28, 2006 (10 days after the date of entry of judgment, excluding intermediate Saturdays and Sundays). In light of that fact, Westry was obligated to file his § 2255 petition by no later than June 28, 2007. Although Westry's initial § 2255 Motion (doc. 723) satisfied this deadline, the Memorandum of Law (doc. 731) that he submitted to prison officials for mailing on July 5, 2007 does not. As there are no circumstances here that might warrant equitable tolling, the Memorandum of Law may be considered only to the extent that it relates back to his initial § 2255 Motion.

Untimely claims raised by amendment in a § 2255 action are barred unless they "relate back" to timely claims previously filed. *See Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) ("'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed."); *see also Farris v. United States*, 333 F.3d 1211, 1215-16 (11th Cir. 2003) (applying and following *Davenport*). Pursuant to Rule 15(c)(2), Fed.R.Civ.P., new claims asserted in an amended § 2255 motion relate back and are considered timely if they "arose out of the conduct, transaction, or occurrence" set forth in the original § 2255 motion. *Davenport*, 217 F.3d at 1344. "[F]or an untimely § 2255 claim to 'relate back' under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Id.* In particular, the untimely claim must have arisen from the "same set of facts" as the timely filed claim, and not from separate conduct or a separate occurrence in "both time and type." *Id.*; *see also Pruitt v. United States*, 274 F.3d 1315, 1319 (11th Cir. 2001) ("The *Davenport* rule makes it clear that the key factor is whether the amended claims arise from the same underlying facts as the original claims."). As the Supreme Court has phrased it, "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix*, 545 U.S. 644, 664, 125 S.Ct. 2562 (2005) (listing as examples where relation back would be appropriate a case in which both original and amended petitions related to evidence obtained at the same time by the same police department, or a case in which original petition challenged admission of recanted statements, while amended petition challenged court's refusal to allow defendant to show that statements had been recanted).

Although the Government's Motion to Strike requests that Westry's Memorandum of Law be stricken in its entirety, on its face the Memorandum concerns precisely the same claims as are set forth in the § 2255 Motion. For example, the Memorandum explains at length why Westry believes he is entitled to relief based on counsel's failure to investigate and interject his long history of drug addiction into his defense. (Memorandum, at 3-6.) These allegations are closely aligned to Ground One of the § 2255 Motion, which states: "Counsel failed to raise that Westry was a drug user than a drug dealer." (Motion, at 4.) The same applies to the Memorandum's arguments that Westry's lawyer failed to object to the drug quantities used at sentencing as being in excess of those reasonably foreseeable to Westry in his participation in the conspiracy. (Memorandum, at 6-9.) Those assertions are closely tied to Ground Two of the § 2255 Motion, wherein Westry objects that his counsel rendered ineffective assistance in failing to argue to limit the drug quantities for which he was held accountable at sentencing. (Motion, at 5.) Finally, the Memorandum's argument as to why it was ineffective assistance for Westry's counsel not to argue at sentencing that the 180-month sentence was unreasonable (Memorandum, at 9-11) tracks exactly Ground Three of the § 2255 Motion, which alleges that "Counsel was ineffective for failing to argue that Westry's 180 month sentence was unreasonable" (Motion, at 7). To the extent that the Government asks the Court to strike aspects of the Memorandum of Law that closely (and often exactly) coincide with the § 2255 Motion itself, the Motion to Strike is **denied**. Those portions of the Memorandum of Law clearly do not raise new grounds and, even if they did, obviously do relate back to the original, timely § 2255 Motion.

In addition to its unsuccessful broadside attack on the Memorandum of Law, the Government also identifies three specific arguments from the Memorandum that it characterizes as new issues that cannot relate back. First, the Government takes exception to a clause of the Memorandum wherein Westry references a letter he wrote to the undersigned in which he had complained that "counsel was forcing him to plead guilty, that he was not guilty of the charged conspiracy." (Memorandum, at 3.) The context in which this clause appears in the Memorandum confirms that Westry's point is that he does not believe his lawyer ever effectively investigated or pursued the drug addiction angle of this case, which is precisely Ground One of the § 2255 Motion. Nothing in that section of the Memorandum suggests that Westry is attempting to raise a new, untimely ground for habeas relief alleging that his lawyer forced him

to plead guilty to an offense of which he was not guilty.  Nothing in the Memorandum suggests that Westry seeks to test the voluntariness and legitimacy of his guilty plea at this time.  Rather, the Government has seized on a stray statement in the Memorandum that Westry was using to make a very different point, and has extrapolated from that statement that Westry must be attempting to amend his § 2255 Motion in an untimely manner.  This is not a reasonable reading of the Memorandum.  The voluntariness of Westry's guilty plea is not at issue in this case; therefore, the Motion to Strike is **denied** to the extent that it would strike a claim for involuntary guilty plea, inasmuch as no such claim is presented in the Memorandum.

      Second, the Government protests that the Memorandum's discussion of Ground Two impermissibly injects a new issue into the case by accusing counsel of "failing to object to the Court's improper use of the United States Sentencing Guideline (USSG) § 1B1.3, that is, the relevant conduct standard ... which impermissibly shifted the entire drug amount to Movant." (Memorandum, at 6.)  The Government points out that "[t]his specificity was lacking in the petition." (Motion to Strike, at 5.)  True enough, the § 2255 Motion makes no specific reference to § 1B1.3, but that is not the test for relation back.  Ground Two clearly states a claim for ineffective assistance based on counsel's failure to argue that Westry's sentence should be calculated not by reference to the total drug amount involved in the conspiracy, but only the amount reasonably foreseeable to him. (Motion, at 5.)  Far from stating a new ground, the Memorandum simply expounds on this statement of Ground Two by arguing that Westry's lawyer should have objected to the Court's reliance on U.S.S.G. § 1B1.3 to hold Westry responsible for the entire drug quantity for sentencing purposes.  Contrary to the Government's position, this is not a new claim for § 2255 relief.  It merely explains Ground Two; therefore, the Motion to Strike is **denied** as to this allegation, as well.[2]

---

      [2] Even if the U.S.S.G. § 1B1.3 point actually were a new ground for § 2255 relief, it would plainly relate back to Ground Two.  Both the § 1B1.3 argument and Ground Two concern counsel's failure to object to the drug quantities for which the undersigned held Westry accountable at sentencing.  Both the § 1B1.3 argument and Ground Two assert that counsel should have objected to the drug quantity charged to Westry at sentencing, but did not.  As such, both claims clearly arise from the same set of facts, and not from separate conduct or a separate occurrence in both time and type.  Thus, relation back principles are satisfied with respect to the § 1B1.3 issue.

Third, the Government balks at Westry's argument in his Memorandum that his lawyer at sentencing "raised no argument or objections which would have impacted any of the factors of § 3553(a) that reflected the Movant's serious drug problem and addiction." (Memorandum, at 10-11.) According to the Government, "this impermissibly adds to the original petition." (Motion to Strike, at 5.) The undersigned disagrees. The whole point of Ground Three is Westry's contention that his lawyer should have argued at sentencing that the 180-month sentence was unreasonable "[b]ecause of Westry's severe addiction to drugs." (Motion, at 7.) This is exactly the argument that Westry makes in his Memorandum. Contrary to the Government's position, the reference to § 3553(a) is not a new ground for relief or an impermissible addition to the § 2255 petition; rather, it is an argument supporting Ground Three as written in the petition. The Court is aware of no authority requiring a § 2255 petitioner to set forth every authority and supporting argument for each ground of his § 2255 petition therein, or else be deemed to have waived it for AEDPA purposes. To construe Rule 15(c) in such a crabbed manner would have the effect of erasing all "relation back" jurisprudence in favor of a standard that bars § 2255 petitioners from submitting any document or argument of any type after expiration of the one-year AEDPA period. This Court declines to endorse such a draconian result.[3]

### III. Conclusion.

For all of the foregoing reasons, the Government's Motion to Strike and Motion for Stay (doc. 736) is **denied**. The court reporter having filed the requisite sentencing transcript on this

---

[3] The Government's Motion to Strike appears motivated by counsel's belief that the original § 2255 Motion is "bare bones" in that it "made no specific allegations, was conclusory, and cited no case law." (Motion to Strike, at 5.) The Court has read numerous § 2255 petitions over the years that would fit this description. This one does not. To the contrary, Westry's § 2255 Motion sets forth in reasonably clear, concise terms three specific forms of ineffective assistance that he attributes to his counsel. The Government is correct that Westry's § 2255 Motion cites no case law; however, the undersigned is aware of nothing in § 2255 or the accompanying Rules that would require a petitioner to submit a memorandum of law with his § 2255 motion in order for it to pass muster. Nor can the Court locate anything in the relevant statute or rules that would forbid Westry from filing a memorandum of law to flesh out his grounds for relief (without adding new ones) a short time after filing his Motion. While the staggered filing of that memorandum might very well justify granting the Government an extension of time to respond, it is certainly not an abusive tactic that is "fundamentally unfair to the United States," as the Government urges the Court to find.

date, the Government is **ordered** to file its response to a response to Westry's § 2255 Petition on or before **July 30, 2007.** If he wishes to do so, petitioner may file a reply brief on or before **August 13, 2007**, at which time the Court will take the petition under submission.[4]

DONE and ORDERED this 16th day of July, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[4] In considering the Government's Motion, the undersigned observes that petitioner's Memorandum of Law cites several exhibits in the form of letters from Westry or his lawyer. None of those exhibits were actually appended to the Memorandum, however, and none are apparently in the court file. To the extent that Westry wishes for those documents to be considered by the Court in connection with his § 2255 petition, he must file them promptly.