IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                        ) | CIVIL NO. 07-0425-WS |
| ) | |
| LEONARD EDWARD WESTRY,      ) | CRIMINAL NO. 05-0206-WS |
| ) | |
|    Petitioner.                              ) | |

**ORDER**

      This matter is before the Court on petitioner's Motion for Certificate of Appealability, construed from his Notice of Appeal (doc. 766).

**I.    Background.**

      On March 3, 2006, petitioner Leonard Edward Westry entered a plea of guilty to one count of conspiracy to possess with intent to distribute crack cocaine, oxycodone, methadone, morphine, hydrocodone and hydromorphone.  Pursuant to his guilty plea, Westry stipulated and agreed that the Government could prove that extensive drug activities occurred at 406 Clay Street from the 1999 to 2005 period, that such drug activities included multiple transactions at that address in which Westry sold controlled substances to confidential informants or undercover police officers, and that a cooperating witness named Michael Spanks would testify that he had obtained at least three ounces of crack cocaine from Westry during the period covered by the conspiracy.

      Following that guilty plea, a Presentence Investigation Report (doc. 544) was prepared. That document computed the relevant sentencing guidelines range based on a finding that Westry was personally involved with between 50 and 150 grams of cocaine base.  Preliminarily, Westry's guidelines range was calculated to be 188 to 235 months; however, he was facing a 20-year mandatory sentence prescribed by 21 U.S.C. § 841(b)(1)(A) by virtue of his prior felony drug conviction, such that his guideline of imprisonment was the statutory minimum of 240 months, by operation of U.S.S.G. § 5G1.1(b).  Prior to sentencing, the Government filed a Motion for Downward Departure based on Westry's cooperation (which included testimony at the trial of several of his co-defendants), requesting a 25% reduction from the statutory

mandatory minimum sentence of 240 months, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).  At the sentencing hearing, the Court granted the Government's motion and sentenced Westry to a term of imprisonment of 180 months, to be followed by a 10-year period of supervised release.  Westry did not pursue a direct appeal; however, he did file a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 723), contending that he received constitutionally ineffective assistance of counsel at sentencing because his lawyer failed to argue (or adequately investigate) that Westry was a drug user rather than a drug dealer, that his counsel failed to compel the Government to limit Westry's responsibility in the conspiracy to drug amounts that were reasonably foreseeable to him, and that his counsel failed to argue that the 180-month sentence was unreasonable.

On November 2, 2007, the undersigned entered an Order (doc. 758) denying the § 2255 Petition.  *See United States v. Westry*, 2007 WL 3287371 (S.D. Ala. Nov. 2, 2007).  That Order explained in some detail why petitioner's ineffective assistance claims are devoid of merit.  With respect to his "drug user rather than drug dealer" argument, the Court found that Westry could satisfy neither prong of the *Strickland* standard because (a) the undersigned was well apprised at sentencing of Westry's lengthy history of chronic drug abuse, (b) Westry failed to identify any additional information that he believes counsel could have developed concerning his drug abuse history that might have affected the sentencing proceeding, and (c) the law is clear that drug abuse is not a valid reason for a downward departure.  As for Westry's argument concerning his scope in the conspiracy, the November 2 Order concluded that Westry's position was counterfactual because he was not held accountable for the entire drug amount relating to the conspiracy, but was instead found to have been involved with between 50 grams and 150 grams of crack cocaine, a figure readily supported by the factual resume to which Westry stipulated in pleading guilty.  There was clearly no ineffective assistance in that regard.  Finally, Westry's criticism of his attorney for failing to argue that a 180-month sentence is unreasonable and to request a further downward departure does not amount to ineffective assistance, as a matter of law, because it would have been clear error for this Court to depart downward from a statutory mandatory minimum sentence based on considerations such as Westry's personal history and drug addiction.  For these reasons, Westry's § 2255 petition was denied, without a hearing.

On November 15, 2007, Westry filed his Notice of Appeal (doc. 766) from the November

2 Order.  This Notice of Appeal is devoid of any indication of the basis for Westry's appeal and fails to specify any grounds on which he believes that November 2 Order was erroneous.

## II.     Motion for Certificate of Appealability.

Westry's appeal is governed by 28 U.S.C. § 2253(c)(1)(B), which provides in pertinent part that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255." *Id.*  Thus, a COA is ordinarily a jurisdictional prerequisite to an appeal in a collateral proceeding attacking a federal conviction.  *Pagan v. United States*, 353 F.3d 1343, 1344-45 (11th Cir. 2003). Indeed, "[t]he certificate of appealability is a threshold or gateway requirement which serves to filter out from the appellate process cases in which the possibility of reversal is too unlikely to justify the cost to the system of a full appellate examination."  *Gonzalez v. Secretary for Dept. of Corrections*, 366 F.3d 1253, 1264 (11th Cir. 2004).  Although petitioner did not file a separate request for COA, the Eleventh Circuit has explained that "[d]istrict courts must treat notices of appeal filed by petitioners following a denial of either a section 2254 or a section 2255 petition as applications for COAs."  *Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997); *see also United States v. Youngblood*, 116 F.3d 1113, 114-15 (5th Cir. 1997).  For that reason, the Court will construe Westry's Notice of Appeal as including an implicit request for issuance of a COA.

It is well established that a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Hardwick v. Singletary*, 126 F.3d 1312, 1313 (11th Cir. 1997).  This standard is "materially identical" to that governing certificates of probable cause under the former 28 U.S.C. § 2253.  *Hardwick,* 126 F.3d at 1313.  In the context of certificates of probable cause, the Supreme Court defined the requirement of "a substantial showing of the denial of a federal right" to mean that the applicant must raise an issue that is debatable among jurists of reason.  *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

> "In requiring a 'question of some substance,' or a 'substantial showing of the denial of [a] federal right,' obviously the petitioner need not show that he should prevail on the merits. . . . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to

proceed further.'"

*Id.* (citations omitted).  More recently, the Supreme Court echoed this interpretation in the context of a COA, opining that § 2253's "substantial showing" requirement means that a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (adopting and applying *Slack* standard).  Where a district judge rejects constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338.

The Court has carefully reviewed the November 2, 2007 Order in its entirety through the prism of the standards outlined in § 2253(c)(2) and *Slack* for issuance of a COA.  After doing so, it is the conclusion of this Court that reasonable jurists could not debate whether Westry's § 2255 petition should have been resolved in a different manner.  At sentencing, Westry received the benefit of a § 5K1.1 motion filed by the Government, which sliced five years off the statutory minimum sentence of 240 months that he was otherwise facing for the offense to which he pled guilty.  None of the arguments that Westry contends his lawyer should have made at sentencing are legally permissible grounds for further downward departure below that statutory minimum.  Accordingly, Westry's asserted grounds for relief are wholly inadequate to deserve encouragement to proceed further, and cannot merit issuance of a COA.

## III. Conclusion.

For the foregoing reasons, petitioner's Motion for Certificate of Appealability (construed from doc. 766) is **denied**.

DONE and ORDERED this 14th day of December, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE